Alejandro BARAJAS–LAURIAN; Irma Alvarado–Lopez, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–74731.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Raul Gomez, Esquire, Law Office Of Raul Gomez, Los Angeles, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Richard M. Evans, Esquire, Assistant Director, Paul Fiorino, Trial, Virginia Lum, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

Judge FERNANDEZ would dismiss in part and deny in part the petition for review.

MEMORANDUM **

Alejandro Barajas–Laurian and Irma Alvarado–Lopez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. We dismiss in part and grant in part the petition for review and remand for further proceedings.

The evidence petitioners' presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that reopening is not warranted based on the evidence petitioners submitted. *See id.* at 600 (8 U.S.C. § 1252(a)(2)(B)(i) bars review of the denial of a motion to reopen "where the question presented is essentially the same discretionary [hardship] issue originally decided").

With their motion to reopen, petitioners attached an order in which the BIA concluded that Alvarado–Lopez' sister and brother-in-law had demonstrated the requisite hardship to qualify for cancellation of removal based on the same qualifying relatives present in this case. Petitioners contended in their motion that because the cases were practically identical they warranted the same result. As the BIA's order on review does not explicitly address the prior decision raised by petitioners, we remand for the BIA to consider petitioners' contention in the first instance. *See generally INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**